IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3041-FL

| | | |
|---|---|---|
| DAVID E. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN GERALD BRANKER, | ) | |
| | ) | |
| Defendant. | ) | |

The matter comes before the court on plaintiff's response, and supplements thereto (DE ##59, 60, 64), tendered in response to the court's March 14, 2011, order directing him to notify the court whether he exhausted his administrative remedies for the claim he asserted in his amended complaint regarding the alleged February 24, 2011 incident. Also before the court are plaintiff's motions for default judgment (DE #s 52 and 56), motion for a preliminary injunction (DE # 57), motion to appoint counsel (DE # 61), and motion for an order compelling discovery (DE # 63). These matters are ripe for adjudication. For the foregoing reasons, the court dismisses without prejudice plaintiff's amended claim arising out of the alleged February 24, 2011 incident, and also denies plaintiff's motions for default judgment, motion for a preliminary injunction, motion to appoint counsel, and motion for an order compelling discovery.

In its original order, this court directed plaintiff to notify the court within fourteen (14) days whether he exhausted his administrative remedies for his claim arising out of his alleged February 24, 2011 assault. Title 42 U.S.C. § 1997e(a) of the PLRA requires a prisoner to exhaust his

administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. A court may dismiss a complaint sua sponte for failure to exhaust administrative remedies where the plaintiff's failure to exhaust is apparent from the face of a complaint. Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint ..., a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.").

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that

2

any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the Inmate Grievance Examiner or a modification by the Secretary of Correction constitutes the final step of the ARP. Id. § .0310(c)(6).

In response to this court's March 14, 2011 order, plaintiff indicated that, on March 16, 2011, he filed a grievance to exhaust his administrative remedies for his claim arising out of the February 24, 2011 incident. (DE # 60, attach.) Further, plaintiff filed a copy of a grievance, regarding this incident, that he still is in the process of pursuing under the ARP.[1] (See Pl.'s April 28, 2011 Aff.) (DE # 65). Because plaintiff filed this action prior to completing the ARP, his claim arising out of the alleged February 24, 2011, incident is DISMISSED without prejudice to allow him the opportunity to completely exhaust his administrative remedies. The court now turns to plaintiff's pending motions.

The court first addresses plaintiff's motions for entry of default as to defendant Gerald Branker ("Branker"). On December 14, 2010, this court issued an order of investigation in which it requested that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims and respond to the court within ninety (90) days and inform it whether appointment of counsel is necessary. On March 9, 2011, the court allowed NCPLS' motion for an extension of time to respond

---

[1] Plaintiff states that the prison staff has made it difficult for him to exhaust his administrative remedies. However, plaintiff has presented documentation to reflect that he indeed is being permitted to exhaust his administrative remedies.

3

to this court's order of investigation. NCPLS' response now is due on May 14, 2011. Because NCPLS has not responded to plaintiff's complaint, defendant's answer is not yet due. Thus, plaintiff's motions for default are DENIED.

The court turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

Plaintiff additionally requests a preliminary inunction. The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he likely is to succeed on the merits; (2) that he likely is to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).

4

Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's request for injunctive relief is DENIED.

Plaintiff also moves this court to grant summary judgment in his favor. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

In his motion, plaintiff has not met his burden of demonstrating an absence of genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Therefore, his motion for summary judgment is DENIED.

Finally, plaintiff requests a court order compelling discovery. However, defendant has not yet filed an answer in this action. Therefore, plaintiff's motion to compel is DENIED as premature.

In summary, plaintiff's claim arising out of the alleged February 24, 2011 assault is DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff's motions for default judgment (DE #s 52 and 56), motion for a preliminary injunction (DE # 57), and motion to appoint counsel (DE # 61) are DENIED, and his motion for an order compelling discovery (DE # 63) is DENIED as premature. Finally, plaintiff is cautioned that any new allegations must be

5

Case 5:10-ct-03041-FL   Document 66   Filed 05/11/11   Page 5 of 6

raised in an amended complaint. Additionally, the court notes that there are sixty-five (65) docket entries in this action, filed primarily by plaintiff. The court cautions plaintiff that voluminous and repetitive filings do not assist the court in adjudicating his action.

SO ORDERED, this the 1st day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge