IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3041-FL

| | | |
|---|---|---|
| DAVID E. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN GERALD BRANKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion to dismiss (DE # 80) pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Gerald Branker ("Branker"), to which plaintiff responded. Also before the court are plaintiff's motion for reconsideration (DE # 70) and motion for leave to file an amended complaint (DE # 76). Defendant did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies Branker's motion to dismiss, denies plaintiff's motion for reconsideration, grants plaintiff's motion to amend, and directs plaintiff to particularize his complaint.

## STATEMENT OF THE CASE

On April 5, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Branker, the Warden at Central Prison. Plaintiff subsequently filed multiple letters and motions to amend his complaint. On October 28, 2010, the court entered an order stating that plaintiff's numerous filings violated Federal Rule of Civil Procedure 8, and directed him to particularize his complaint by submitting one amended complaint that complied with Rule 8. Plaintiff filed his amended pleading

on November 2, 2010. The court then allowed plaintiff to proceed with his amended pleading.

On February 28, 2011, plaintiff again sought leave to amend his complaint to include a claim arising out of an incident that occurred on February 24, 2011. On March 14, 2011, the court entered an order allowing plaintiff to amend his complaint, but stated it appeared plaintiff filed his amended complaint prior to exhausting his administrative remedies for his amended claim. The court allowed plaintiff fourteen (14) days to notify it whether he exhausted his administrative remedies prior to filing his amended complaint. Plaintiff complied with the court's order, indicating that he filed a grievance regarding the February 24, 2011, incident on March 16, 2011. On May 11, 2011, the court dismissed plaintiff's claim regarding his February 24, 2011, incident without prejudice on the grounds that it was clear he failed to exhaust his administrative remedies prior to filing his amended complaint.

On June 6, 2011, plaintiff filed a motion to reconsider this court's dismissal of his claim arising out of the February 24, 2011, incident on the grounds that he still is in the process of exhausting his administrative remedies for that claim. On June 22, 2011, plaintiff filed a motion to amend his complaint to name Officer Church ("Church") as a defendant in this action. Plaintiff subsequently submitted documentation that he completed the final step of his grievance procedure for his claim arising out of the February 24, 2011, incident.

On July 13, 2011, Branker filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff submitted two responses to Branker's motion.

**STATEMENT OF FACTS**

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On March 22, 2010, plaintiff was picked up by two deputies from Union County for a

2

court appearance. Outside the prison, plaintiff refused to get into the prison transport vehicle and complained that his handcuffs were too tight. In response, one of the deputies pushed plaintiff to the ground. The deputies then assisted plaintiff from the ground and put him into the truck. After plaintiff was inside the truck, a deputy picked up a bag from the ground and informed a prison officer that it came from plaintiff. Thereafter, plaintiff was transported to court.

Plaintiff participated in his court proceeding and was transported back to the prison. At the prison, plaintiff was subjected to a body cavity search. Plaintiff also was charged with attempt to escape and attempt to assault. Plaintiff subsequently was found guilty of the attempt to escape charge only. Plaintiff received a sentence of sixty (60) days on maximum custody status for his disciplinary conviction. After his disciplinary conviction, plaintiff was placed in handcuffs and chains for one hundred seventy (170) days.[1] Plaintiff was unable to shower during the one hundred seventy (170) day time period.

Following his sixty (60) day period of maximum custody status, plaintiff was given two consecutive six-month terms of maximum custody status. In addition to his claims arising out of the March 22, 2010, incident, plaintiff states that prison staff acted with deliberate indifference to his cancer in violation of the Eighth Amendment to the United States onstitution. Plaintiff also states that he was given cold food, that he was provided insufficient meal portions, that prison officials refused to mail his mail, and that he had ants and bugs in his cell.

---

[1] Plaintiff states that other inmates convicted of attempted escape were placed in handcuffs and chains for only thirty (30) days.

3

## DISCUSSION

A. Motion to Reconsider

Plaintiff asks this court to reconsider its dismissal of his claim arising out of the February 24, 2011, incident. The court dismissed this claim because plaintiff failed to file his amended complaint before exhausting his administrative remedies. On February 28, 2011, plaintiff filed his motion to amend his complaint to include his claim arising out of the February 24, 2011, incident. Then, plaintiff submitted a letter, dated March 16, 2011, notifying the court that he filed a grievance regarding the February 24, 2011, incident. Plaintiff subsequently provided documentation that he completed his administrative remedies for his March 16, 2011, grievance on June 23, 2011. See (DE # 78, attach.) Accordingly, it is clear that plaintiff failed to exhaust his administrative remedies for this claim before he filed his amended complaint. Because an inmate must exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983, the court properly dismissed plaintiff's claim arising out of the February 24, 2011, incident without prejudice for failing to exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Thus, plaintiff's motion for reconsideration is DENIED.

B. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.

4

v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    2. Analysis

        a. Supervisor Liability

Warden Branker, the sole named defendant in this action, argues plaintiff's claim against him should be dismissed because it inappropriately is based upon the theory of *respondeat superior*. Branker is correct that he may not be held liable based on a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable to § 1983 suits. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Supervisor liability, however, is applicable to § 1983 actions. Accordingly, the court now must determine whether plaintiff alleged a claim based upon supervisor liability against Branker.

A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate

indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994); see Iqbal, 129 S.Ct. at 1949. Here, plaintiff alleges he sent Branker numerous letters complaining about the alleged constitutional violations, and has provided the court with copies of the letters. Plaintiff further alleges Branker refused to respond to any of the allegations set forth in his letters. Although Branker contends plaintiff's allegations are conclusory, the court finds plaintiff's allegations of continued inaction in the face of multiple complaints to be sufficient to survive a motion to dismiss. See Harbeck v. Smith, No. 4:10-CV-140, 2011 WL 3841949, * 14 (E.D. Va. Aug. 30, 2011) (finding supervisor liability claim survives motion to dismiss where supervisor received notice of the unlawful incarceration on several occasions and failed to act). Thus, the court finds plaintiff adequately alleged a supervisor liability claim against Branker.

        b.    Qualified Immunity

Branker alternatively asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly

6

> established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

Branker's qualified immunity defense relies upon his contention that plaintiff failed to state a supervisor liability claim against him. The court, however, has found that plaintiff adequately alleged a supervisor liability claim against Branker. Thus, Branker has not demonstrated an entitlement to qualified immunity at this time. Based upon the foregoing, Branker's motion to dismiss is DENIED.

C.    Motion to Amend

Plaintiff moved to amend his complaint to name Church as a defendant in this action. The court allows plaintiff's motion to amend his complaint. See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). The court now finds it necessary to conduct a review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Upon a review of plaintiff's amended pleading, the court is unsure what specific claims plaintiff is attempting to make against Church. Further, the court notes that Church is the only non-

7

Case 5:10-ct-03041-FL   Document 88   Filed 12/13/11   Page 7 of 8

supervisory defendant named in this action. The court finds it necessary to allow plaintiff the opportunity to particularize both his claims against Church and any individual claims against any remaining unnamed officers. In particular, plaintiff must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2).

## CONCLUSION

Based upon the foregoing, Branker's motion to dismiss (DE # 80) and plaintiff's motion for reconsideration (DE # 70) are DENIED. However, plaintiff's motion for leave to file an amended complaint (DE # 76) is GRANTED. Plaintiff has fourteen (14) days from the date of this order to amend his complaint in accordance with this order.

SO ORDERED, this the 1ˢᵗ day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge

8

Case 5:10-ct-03041-FL   Document 88   Filed 12/13/11   Page 8 of 8